UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY GASTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANTHONY HEDGPETH,<br><br>　　　　Respondent. | No. CV 10-03511-GAF (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On May 11, 2010, Anthony Gaston (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California. Petitioner was convicted by a jury in Los Angeles County Superior Court in August of 1994 of murder with a firearm in violation of California Penal Code ("PC") §§187(a) and 12022.5. Petitioner was sentenced to two life sentences, plus 22 years in prison. (See Petition at 2.) Petitioner has raised the following claims in the within petition: "(1) Ineffective assistance of counsel in violation of the Sixth Amendment when trial counsel advised Petitioner to keep hallucinations to self rather than seek psychological evaluation; and (2) Petitioner's due

process under the Fourteenth Amendment was violated when new evidence of bullet lead analysis in connection with belated Brady disclosure resulted in the conviction of an innocent man." (See Petition at 5, attached pages 11, 23.)

It appears from the face of the Petition that it is directed to the same 1994 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on March 29, 1999, in Anthony Gaston v. Anna R. Palmer, Case No. CV 99-03254-NM (Mc).[1] On March 1, 2000, Judgment was entered in Case No. CV 99-03254-NM (Mc), denying the petition and dismissing the action without prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

On June 20, 2000, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in this Court, entitled Anthony Gaston v. Gail Lewis, et al., which was given Case No. CV 00-06612-GAF (JWJ). On July 13, 2001, Judgment was entered denying the Petition and dismissing the action with prejudice pursuant to the District Judge's Order Approving and Adopting the Magistrate Judge's Report and Recommendation. Petitioner filed a "Notice of Appeal." On February 21, 2002, the United States Court of Appeals for the Ninth Circuit issued an Order granting a Certificate of Appealability on the issue of whether the District Court properly dismissed the Petition as untimely. On May 8, 2006, the United States Court of Appeals for the

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On March 29, 1999, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. CV 99-03254-NM (Mc). The Petition was dismissed without prejudice to Petitioner's right to file a new petition after he exhausted all of his state remedies with regard to all of the claims raised therein.

Ninth Circuit issued an Order affirming the judgment of the District Court dismissing the habeas corpus petition as untimely. On August 3, 2006, the United States Court of Appeals for the Ninth Circuit issued its Mandate affirming the judgment of the District Court.

On March 7, 2007, Petitioner filed a "Notice of Motion and Motion to File Second and Successive Petition," in Case No. CV 00-06612-GAF (JWJ). On March 27, 2007, a Minute Order was issued advising Petitioner he must file his request seeking authorization to file a second and/or successive petition in the United States Court of Appeals for the Ninth Circuit.

On February 2, 2009, Petitioner filed an "Application for Leave to File a Second or Successive Petition" in the United States Court of Appeals for the Ninth Circuit. On March 25, 2009, Petitioner filed a "Request for Leave to File Supplemental Application for Authorization to File a Second or Successive Petition," in the United States Court of Appeals for the Ninth Circuit.

On June 1, 2009, the United States Court of Appeals for the Ninth Circuit issued an Order granting Petitioner's request to supplement his application; however, the Court denied Petitioner's application to file a second or successive petition on the grounds that Petitioner failed to make a <u>prima facie</u> showing under 28 U.S.C. §2244(b)(2).

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a

```
 1            prior application shall be dismissed unless--
 2                 (2)  (A)  the applicant shows that the claim relies on a new
 3                 rule of constitutional law, made retroactive to cases on
 4                 collateral review by the Supreme Court, that was previously
 5                 unavailable; or
 6                 (B)(i)  the factual predicate for the claim could
 7                 not have been discovered previously through the exercise of
 8                 due diligence; and
 9                 (ii)  the facts underlying the claim, if proven and
10                 viewed in light of the evidence as a whole, would be
11                 sufficient to establish by clear and convincing evidence
12                 that, but for constitutional error, no reasonable factfinder
13                 would have found the applicant guilty of the underlying
14                 offense.
15            (3)(A) <u>Before a second or successive application permitted
16       by this section is filed in the district court, the applicant
17       shall move in the appropriate court of appeals for an order
18       authorizing the district court to consider the application</u>."
19       (Emphasis added.)
```

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. §2244(b). Thus, it was incumbent on Petitioner under §2244(b)(3)(A) to secure an Order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. As noted, on June 1, 2009, the Ninth Circuit issued an Order denying Petitioner's application for authorization to file a second or successive petition.

1    For the foregoing reasons, **IT IS ORDERED** that this action be
2 summarily dismissed pursuant to Rule 4 of the Rules Governing Section
3 2254 Cases in the United States District Courts.
4    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

7 DATED: May 28, 2010
     _____
8                                    GARY A FEESS
                                     UNITED STATES DISTRICT JUDGE

10 Presented this  19th   day of
   May, 2010 by:

12        /s/
   VICTOR B. KENTON
13 UNITED STATES MAGISTRATE JUDGE

5